**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 11-21040-JLK**

ANDRE F. GERBIER,

Plaintiff,

v.

J.R. EIGHT, INC., d/b/a JOHNNY ROCKETS,
A Florida Profit Corporation,

Defendant.
_______________________________________/

**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**

**THIS MATTER** is before the Court upon Defendant J.R. Eight, Inc.'s Motion to Dismiss (DE #4), filed June 23, 2011. The Court is fully briefed in the matter.[1]

## I. BACKGROUND

This is an employment discrimination case brought under 42 U.S.C. § 1981. Defendant J.R. Eight, Inc. ("J.R. Eight") owns and operates a restaurant. (DE #1). According to the Complaint, Plaintiff Gerbier worked as a dishwasher and member of the kitchen prep staff in Defendant's restaurant for about a year and a half. *Id.* Plaintiff claims that throughout his employment with Defendant, Plaintiff "was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents." *Id.* ¶ 16.

[1]Plaintiff filed a Response in Opposition (DE #5) July 11, 2011, and Defendant replied (DE #6) July 20, 2011.

Plaintiff's only specific allegation about the discrimination is: "On May 6, 2009, Plaintiff was continually called a 'negro' in the presence of the supervisor." *Id.* ¶ 20. After complaining to the supervisor, Plaintiff was fired. *Id.* ¶¶ 21–22.

Plaintiff's two-count Complaint asserts claims for discrimination and retaliation in violation of 42 U.S.C. § 1981. Defendant moves to dismiss on the ground that Plaintiff has failed to exhaust administrative remedies, and has failed to state a claim.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This plausibility requirement outlined by the Supreme Court "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*,

334 F.3d 1246, 1247 (11th Cir. 2003). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. Thus, courts determining the sufficiency of a complaint engage in a two-pronged analysis: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1950).

## III. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

Defendant moves to dismiss Plaintiff's Complaint partly because Plaintiff did not timely file a charge of racial discrimination with the Equal Employment Opportunities Commission ("EEOC"), as required by Title VII, 42 U.S.C. § 2000-e. Exhaustion of administrative remedies by filing an EEOC charge is a prerequisite to filing suit under Title VII, but it is not required by statute for claims under 42 U.S.C. § 1981. Defendant argues that where a jurisdictional prerequisite bars a Title VII suit, a Section 1981 plaintiff is obligated to show a "reasonable excuse" for failing to bring an action under Title VII. (DE #4 at 6). Defendant relies on *Bourdeaux v. Baton Rouge Marine Contracting Co.*, 437 F.2d 1011, 1016 (5th Cir. 1971),[2] which created the "reasonable excuse" rule.

---

[2]Decisions of the United States Court of Appeals for the Fifth Circuit handed down by the close of business on September 30, 1980 are binding as precedent in the Eleventh Circuit. *Bonner v. City of*

However, since *Bourdeaux*, both the Fifth Circuit and the United States Supreme Court have recognized that claims under Section 1981 and Title VII are independent and distinct, and that Section 1981 plaintiffs need not exhaust Title VII administrative remedies:

> Petitioner, and the United States as amicus curiae, concede, as they must, the independence of the avenues of relief respectively available under Title VII and the older s. 1981. Further, it has been noted that the filing of a Title VII charge and resort to Title VII's administrative machinery are not prerequisites for the institution of a s. 1981 action. We are satisfied, also, that Congress did not expect that a s. 1981 court action usually would be resorted to only upon completion of Title VII procedures and the Commission's efforts to obtain voluntary compliance. Conciliation and persuasion through the administrative process, to be sure, often constitute a desirable approach to settlement of disputes based on sensitive and emotional charges of invidious employment discrimination. We recognize too, that the filing of a law suit might tend to deter efforts at conciliation, that a lack of success in the legal action could weaken the Commission's efforts to induce voluntary compliance, and that a suit is privately oriented and narrow, rather than broad, in successful conciliation tends to be. But these are the natural effects of the choice Congress has made available to the claimant by its conferring upon him independent administrative and judicial remedies. The choice is a valuable one. Under some circumstances, the administrative route may be highly preferred over the litigatory; under others the reverse may be true.

*Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460–61 (1975) (internal citations omitted). Similarly, shortly after the *Bourdeaux* ruling, the former Fifth Circuit expressly held in *Caldwell v. Nat'l Brewing Co.* that a § 1981 plaintiff need not exhaust Title VII administrative remedies prior to filing suit. 443 F.2d 1044, 1054 (5th Cir. 1971). Accordingly, Plaintiff Gerbier was not required to exhaust his administrative remedies under Title VII, and his Complaint will not be dismissed for his failure to do so.

---

*Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

**B. Count I: Discrimination**

Count I of Plaintiff Gerbier's Complaint alleges discrimination under Section 1981. (DE #1 ¶¶ 8–35). He alleges Defendant J.R. Eight "engaged in a pattern of continuous discrimination against Plaintiff" that "foster[ed] a hostile work environment for Black individuals." *Id.* ¶¶ 15, 27. To state a claim for a hostile work environment under 42 U.S.C. § 1981, a plaintiff must plead:

> (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.

*Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010).

Here, Defendant argues this claim must be dismissed because Plaintiff has failed to adequately allege the fourth element. For harassing conduct to be "severe or pervasive enough to alter the terms and conditions of employment," it "must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives to be abusive." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). In considering the objective component of this test, courts evaluate the following factors: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or whether it unreasonably interferes with an employee's work performance." *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). In general, "'mere utterance of an

ethnic or racial epithet which engenders offensive feelings in an employee' . . . does not sufficiently affect the conditions of employment to implicate Title VII."[3] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 106 (1986)). Rather, "it is repeated incidents of verbal harassment that continue despite the employee's objections that are indicative of a hostile work environment." *Miller*, 277 F.3d at 1276.

Here, the only factual allegation supporting Plaintiff's hostile work environment claim is that on May 6, 2009, he was "continually called a 'negro' in the presence of the supervisor." (DE #1 ¶ 20). Without more, this appears to be the type of "mere utterance" the Court in *Harris* explained would not be actionable. *See Harris*, 510 U.S. at 21. The Complaint, as pled, does not shed any light on the factors this Court must consider in passing on Plaintiff's hostile work environment claim. Even in the light most favorable to Plaintiff, the Complaint says nothing about the frequency or severity of the allegedly discriminatory conduct, whether the conduct was threatening, or whether it interfered with Plaintiff's work performance. *See Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997) (listing factors). The remaining allegations supporting Count I are simply conclusory statements that can not save Plaintiff's claim. *See, e.g.*, DE #1 ¶ 16 ("The Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents."); *Edwards*

[3]The same legal framework applies to hostile work environment claims under both Section 1981 and Title VII, and courts apply the case law applicable to both interchangeably. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (listing cases requiring same elements for a Title VII and § 1981 hostile work environment claim).

*v. Prime, Inc.*, 602 F.3d 1276, 1300–01 (11th Cir. 2010) (finding allegation that "Plaintiff Edwards was subjected to a hostile discriminatory environment on the basis of race, in violation of 42 U.S.C. § 1981" conclusory and insufficient to satisfy Rule 8's pleading standard). Accordingly, Count I is dismissed without prejudice.

### C. Count II: Retaliation

To state a claim for retaliation under Section 1981, a plaintiff must allege: "(1) that [he] engaged in statutorily protected expression; (2) that [he] suffered a[] [materially] adverse [] action; and (3) that there is some causal relation between the two events." *Hopkins v. Saint Lucie County Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010). To establish the causation element, a plaintiff must allege facts sufficient to support an inference "that the protected activity and the negative employment action are not completely unrelated." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1278 (11th Cir. 2008). "In order to show the two things were not entirely unrelated, the plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Id.* However, a plaintiff satisfies the causation element by alleging "knowledge of the protected expression and 'that there was a close temporal proximity between this awareness and the adverse . . . action.'" *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004).

Here, Plaintiff Gerbier alleges that he was repeatedly called a "negro" in the presence of his supervisor (DE #1 ¶ 20), he complained to the supervisor about the name-calling (DE #1 ¶ 21), and he was fired the same day. (DE #1, ¶ 22). Plaintiff does not allege who

decided to terminate his employment, and does not allege that the decision maker was aware of Plaintiff's complaint when he or she made the decision to fire Plaintiff. It appears from the Complaint that the temporal proximity between Plaintiff's complaint to the supervisor and his termination is very close. However, without any allegation that the decision maker knew about the complaint, Plaintiff Gerbier cannot satisfy the causation element of his retaliation claim.

## IV. CONCLUSION

After a careful review of the record and for the foregoing reasons, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendant J.R. Eight, Inc.'s Motion to Dismiss **(DE #4)** is **GRANTED.** Plaintiff Andre F. Gerbier's Complaint **(DE #1)** is **DISMISSED, without prejudice** to re-file within **twenty (20) days** of the date of this Order.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 12th day of August, 2011.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc:**

***Counsel for Plaintiff***

**Jason Saul Remer**
Remer & Georges-Pierre PLLC
11900 Biscayne Boulevard

Suite 288
North Miami, FL 33181
305-416-5000
Fax: 305-416-5005
Email: jremer@rgpattorneys.com

***Counsel for Defendant Ponteras***

**Devona Alicia Reynolds**
Zarco Einhorn Salkowski & Brito, P.A.
100 S.E. 2nd Street
Ste. 2700
Miami, FL 33131
(305) 374-5418
Email: dreynolds@zarcolaw.com